IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Torrey Josey, | Civil Action No.: 9:14-cv-2394-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Commissioner of Social Security Administration and Judge Jacobson, | |
| Defendants. | |

Plaintiff Torrey Josey ("Plaintiff") originally filed this action *pro se* in the South Carolina Court of Common Pleas for Lancaster County. Plaintiff seeks monetary damages against the Commissioner of Social Security and an Administrative Law Judge, Judge Jacobson, ("Defendants") for denying his disability claim. *See* Compl, ECF No. 1-1. The action was removed to the United States District Court by Defendants, who then filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See* Mot., ECF No. 5. The matter is now before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina.[1] *See* R & R, ECF No. 14. In the R & R, the Magistrate Judge recommends that the Court grant Defendants' motion and dismiss this case. *See id.* at 8.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

---

[1] In the R & R, the Magistrate Judge noted that, as a *pro se* litigant, Plaintiff's complaint was entitled to a liberal construction. *See* ECF No. 14 at 3. Accordingly, affording the complaint a liberal construction, the Magistrate Judge construed the complaint to seek an appeal of the denial of his Social Security Disability claim, in addition to the claim for monetary damages. *See id.*

Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No party has filed objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error.[2] Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated

---

[2] The Court does take the opportunity to correct a portion of the R & R. In the portion of the R & R discussing whether Plaintiff's appeal of the denial of his social security disability claim is barred by the statute of limitations, the Magistrate Judge noted that a complaint is deemed to have been timely filed if it is filed within sixty-five days of the date listed on the Appeals Council's Notice of Decision. *See* ECF No. 14 at 4 n.3 (citing 20 C.F.R. §§ 404.901 ("Date you receive notice means five days after the date on the notice, unless you show us that you did not received it within the 5-day period."), 416.1401 (same), 422.210(c) ("Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . except that this time may be extended by the Appeals Council upon a showing of good cause." ). The Magistrate Judge stated that the Appeals Council's Notice of Decision was dated June 4, 2013, and that "sixty-five days from that date is July 9, 2013." *See id.* Sixty-five days from June 4, 2013, however, would be August 8, 2013.

The Magistrate Judge appears to have improperly identified the June 4, 2013 letter as the "Notice of Decision." *See* Letter, ECF No. 5-2 at 1. The letter, however, merely granted a thirty day extension of time within which Plaintiff could file a civil action. *See id.* The letter explained

2

by reference. Therefore, it is **ORDERED** that the Defendants' motion is **GRANTED** and this case is **DISMISSED**.

  **IT IS SO ORDERED.**

               s/ R. Bryan Harwell
               R. Bryan Harwell
               United States District Judge

August 1, 2014
Florence, South Carolina

---

that the Appeals Council denied review of the Administrative Law Judge's decision on March 7, 2013. Thus, the sixty-five day time frame would have run from that date, the date of the notice of decision, not June 4, 2013. The June 4, 2013 letter provided that Plaintiff would have thirty days from the date he received the letter to file a civil action, and that it would be assumed that he received the letter five days after June 4, 2013 unless he showed otherwise. *See id.* Thirty-five days from June 4, 2013 would be July 9, 2014. Thus, the statute of limitations did in fact run on July 9, 2013, as the Magistrate Judge found. Any misstatement by the Magistrate Judge with regard to the date of the Appeals Council's notice of decision did not affect his ultimate conclusion.